ANDREWS v. OXLEY, ET AL.

1. **Husband and wife:** IMPLIED TRUST: PURCHASE BY HUSBAND FOR WIFE. A conveyance to the wife or child, where the consideration is paid by the husband or parent, does not create an implied trust, the presumption being that it is procured from motives of love and affection.

2. ———: RULE APPLIED. Where a purchase of land is made by the husband with his own means, and the deed is made to the wife as a provision for her in anticipation that his death will precede hers, a court of equity will not compel her administrator to convey the land to him.

*Appeal from Linn Circuit Court.*

FRIDAY, JUNE 19.

THE plaintiff filed his petition in equity, as follows:

" 1.   That on or about the 1st day of May, 1870, he was the owner in fee of lot 8 in block No. 16, in the town of Marion, Linn county, Iowa, of the value of $500 and used and occupied by himself and wife as a homestead, and that about said time he exchanged the same for the south-east $\frac{1}{4}$ of the north-east $\frac{1}{4}$ of section 13, township 83, range 6, and the south-west $\frac{1}{4}$ of the north-west $\frac{1}{4}$ of section 18, township 83, range 5, in the County of Linn, Iowa, containing 80 acres and paid the additional sum of $100, as boot money, and that he and his wife removed from their home in Marion, on to the said land about

the time aforesaid, and together used and occupied the same as a homestead until about the 13th day of February, 1873, when his wife died intestate.

"2. That at the time of said exchange plaintiff was about eighty-one years of age, and his wife about sixty years of age, and that owing to the discrepancy in their respective ages and mutually believing that his wife would outlive plaintiff, she requested that plaintiff secure to her a maintenance in case of his death, and plaintiff being also desirous so to do, procured the deed to said land to be made to his said wife, conveying to her the title thereto, to secure to her a maintenance in case of plaintiff's death, and for no other purpose, and in trust for plaintiff should he survive her.

"3. That such conveyance was not made to defraud any one, that at the time he procured said deed to be made as aforesaid, plaintiff was free from debt, and that his wife at the time of her death was also free from debt, and that seven children of the parties survived the decedent, all of whom are made parties defendant herein, and had attained their majority, and were not living with their parents at, or for a long time prior to the death of plaintiff's wife.

"4. That plaintiff alone furnished the means to purchase and pay for said land, and that he so done, and that no one else furnished any part of the purchase money to pay for the land.

"5. That only about 35 acres of the land is under cultivation, and after paying the taxes and keeping up repairs, the rents and profits are inadequate to support plaintiff, and that his age incapacitates him from labor and that he has no means of support except said land. He therefore prays that the deed aforesaid may be cancelled, and that the administrator, John S. Oxley, be compelled to convey said land to him, and that said court decree said land to him."

The defendants demurred as follows:

1. Said petition does not state facts sufficient to constitute a cause of action.

2. Said petition shows that plaintiff has no interest in the

property, further than a dower right therein.  This demurrer was sustained.  Plaintiff appeals.

*Thompson & Davis,* for appellant.

No appearance for appellee.

DAY, J.—We know of no recognized head of equity jurisdiction to which the relief asked can be referred.  It is
HUSBAND AND
WIFF: im-
plied trust:
purchase by
husband and
wife.
claimed that the transaction creates an implied trust.  An implied trust usually arises in favor of a purchaser, who pays the money, and takes the conveyance in the name of another.  The origin of this trust is the presumption that one who supplies the money intends the purchase for his own benefit rather than for that of another.  So that usually, in the absence of all rebutting circumstances, proof that the purchase money was furnished by one and the conveyance made to another, is sufficient to create an implied trust in favor of the former.  But where the purchaser stands in the relation of parent or husband to the one in whose name the title is taken, a counter presumption arises.  In such case the moral obligation of the parent or husband, to provide for the wife or child, gives rise to a presumption that a conveyance to either is made from motives of natural love and affection, in discharge of this moral obligation.  And in such case this latter presumption must be removed, before it can be declared that the estate is held in trust.  See Second Story's Equity, §§ 1202, 1204, and cases cited.

Now in this case no fraud, accident or mistake is shown.  No fact is averred showing that the conveyance was not made as a provision for the wife.  On the contrary it is distinctly stated that the conveyance was so intended, upon the supposition that she would survive the plaintiff..

The relief is not based upon any misapprehension of any condition existing when the conveyance was made.  It is demanded simply because the death of the wife preceded that of the husband, whereas it was expected she would survive

him. It is asked because the web of the future has been woven differently from what was anticipated.

Courts of equity cannot annul contracts for such reasons. So feeble is human judgment, and so great is the mutability of human affairs, that, did courts of equity lay violent hands upon agreements on such grounds, but few would be permitted to stand. In the absence of fraud, accident or mistake, equity leaves parties to make their own contracts, and permits their enforcement as made. It is not its province, to make for parties such contracts, as the unfolding of events shows they should have made. The demurrer was rightly sustained.

AFFIRMED.