ALETTA E. JONES, Appellant, v. ANN STORMS *et al.*

| 90 | 369 |
| 97 | 718 |
| 90 | 369 |
| 107 | 374 |
| 90 | 369 |
| 111 | 73 |
| 111 | 74 |
| 90 | 369 |
| 116 | 364 |

Sale of Wife's Property by Husband: RESULTING TRUST. Where a husband buys property with the proceeds of crops raised by him on the land of his wife, and of his stock fed on the same, without agreement or expectation that the use of the land should be paid for, there is no resulting trust in the property bought, in favor of the wife, no part of the purchase price having been paid by her in the character of purchaser.

*Appeal from Louisa District Court.*—HON. A. R. DEWEY, Judge.

TUESDAY, FEBRUARY 6, 1894.

ACTION in equity to establish a resulting trust. Judgment and decree for defendants. Plaintiff appeals. —*Affirmed.*

*F. M. Molsberry* for appellant.

*Jayne & Hoffman* for appellees.

KINNE, J.—I. Plaintiff, in her petition, alleged, in substance, the following facts:   That she is the widow of A. J. Jones, deceased, who died November 30, 1891, intestate, and that defendants, Ann Storms, Caroline Manning, and Effie Gripple, are the children of said

Jones, and stepchildren of plaintiff. That plaintiff married Jones December 12, 1873, at which time she was the owner of an undivided two thirds interest in certain real estate, in all amounting to about one hundred and sixty-two and one half acres of land. That she also owned certain personal property, consisting of household furniture, two cows and a calf, ten hogs, and quite an amount of crops which had been raised upon said land. At the time of said marriage, Jones had no real estate, but had one hundred and seventy-five dollars in money, a spring wagon, ten hogs, ten sheep, two cows, one calf, and a few farming implements, all of which he brought upon plaintiff's land, which he occupied until his death. That with the proceeds of crops on the land when he went there, and of subsequent crops raised by him thereon, he purchased some stock and agricultural implements. That, from the proceeds of crops and stock raised upon this land from time to time, said Jones purchased certain real estate. She asks that the title to the land so purchased by her husband be decreed to be in her, and that she be decreed to be the owner of one half of the personal property of which Jones died seised, and for other relief. To the petition, defendants interposed a demurrer stating the usual ground in equity cases; also, challenging the sufficiency of the facts stated to constitute Jones a trustee for plaintiff, or to establish a trust in her favor. One ground of the demurrer is that plaintiff's claim is barred by the statute of limitations; also, that the petition fails to show that there is any written evidence of the trust, and that, if plaintiff has any interest in the crops raised upon her real estate, the same is a demand against his estate. This demurrer was sustained, and plaintiff's bill dismissed, at her costs.

II. There is but one question raised by the demurrer which we need determine; that is, do the facts

pleaded show that the deceased, Jones, held the real and personal property in controversy as a trustee, in trust for plaintiff? If not, then the demurrer was properly sustained. Counsel cite many authorities holding that where one gives another money to purchase real estate, and the purchase is made in the name of the latter, that thereby a trust relation is created. There is no real dispute as to the law applicable to cases of resulting trusts. The question is, do the facts pleaded show that that relation existed in this case? Giving the plaintiff the benefit of all allegations of the petition which are well pleaded, we have a case where certain land and personal property were purchased by the husband from the proceeds derived from the sale of crops raised upon land in part belonging to the wife, also from the proceeds of stock raised or fed upon said land. There is no claim in the petition that there was any contract, promise, agreement, or expectation, at the time the husband was thus using his wife's land, that he should render compensation to her therefor. Fairly construed, the petition sets forth a case showing that the husband took and used the real estate of the wife without any expectation of making compensation therefor; and no fact is pleaded which tends to show that, at the time the husband was thus using his wife's property, she expected to receive compensation therefor. Such a state of facts does not establish a resulting trust. Under such facts, without more, no liability existed from the husband to the wife. *Hanson v. Manley*, 72 Iowa, 48, 33 N. W. Rep. 357. Again, a resulting trust can not be established when no part of the purchase money was paid by the person claiming to be the *cestui que trust*. *Burden v. Sheridan*, 36 Iowa, 125. And it would seem that a resulting trust can not be sustained when only a part of the purchase money was paid by the one claiming to be the *cestui que trust*. "The trust must result, if at all, at the instant the deed is taken and the legal title

vests in the grantee. * * * There must be an actual payment from a man's own money, or what is equivalent to payment from his own money, to create a resulting trust, and the money must be advanced and paid in the character of a purchaser." 1 Perry, Trusts, section 133, and notes. In *Andrews v. Oxley*, 38 Iowa, 578, it was held that a conveyance to the wife and child, when the consideration is paid by the husband or parent with his own means, does not create an implied trust, the presumption being that it is done from motives of love and affection. In the light of these, and other authorities that might be cited, the transactions set forth in the petition do not show a trust. Jones did not receive the avails of the proceeds of the land as a fund in any way impressed with a trust character, and in fact these proceeds were in part the result of his own labor, upon which plaintiff could have no claim. Jones came into possession of the proceeds of the real estate, and stock raised upon it, as is fairly inferable from the facts set forth in the petition, as a gift from plaintiff. No facts are pleaded which would authorize a recovery of the sums received by Jones, nor can it be said that by their receipt under such circumstances a trust relation is created. The case needs no extended consideration, and for the reasons given the demurrer was properly sustained. AFFIRMED.