JACOB F. BURKHARDT, Appellant, v. SARAH A. BURKHARDT.

**Joint Purchasers.**   Property was conveyed to the wife in consideration of the joint agreement of herself and husband to care for the grantor during life.  She fulfilled her part of the agreement for about half the remainder of the grantor's life, when she became insane and her husband completed the agreement alone *Held*, that the husband was not entitled to the absolute owner ship of the property.

TRUSTS.   Where property was conveyed to a wife, in consideration of the joint agreement of herself and husband to care for the grantor during life, and the wife became insane before the grantor's death, so that the husband was obliged to complete the agreement, a trust of the property will not result in his favor.

**Deeds:** SETTING ASIDE.   Where a husband agreed jointly with his wife, whom he knew to be incompetent, to care for another during life, in consideration of a conveyance of land to the wife, he can not attack the conveyance after the grantor's death, on the ground of his wife's incompetency.

AMENDMENTS. An amendment to a petition in equity, filed after the submission of the case, asking additional relief, is properly disregarded, where such relief can not be given without re-opening the case and hearing further testimony.

COSTS: FEE OF GUARDIAN AD LITEM. Where the defense to a bill should be made through a guardian *ad litem*, plaintiff, on failing to establish his cause of action, was properly taxed with an allowance for the guardian's services.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

THURSDAY, JANUARY 26, 1899.

ACTION in equity to have decreed and quieted in the plaintiff the title to certain real estate. There was a hearing on the merits, the relief demanded was denied, and judgment was rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*J. D. & C. Nichols* for appellee.

ROBINSON, C. J.—The plaintiff and the defendant are husband and wife, and were married to each other in August, 1873. They made their home in a small house built on a tract of about three and one-quarter acres of land, now within the city of Belle Plaine. The mother of the defendant, Sibilla Richart, owned the premises, and resided with the plaintiff and his family, until her death, which occurred in 1888. On the eleventh day of May, 1886, Mrs. Richart executed to the defendant a warranty deed for the premises designated, and on the same day the defendant and the plaintiff, as parties of the second part, signed an agreement for the benefit of Mrs. Richart, which contained the following: "Whereas, the said Sibilla Richart * * * has this day sold and conveyed to Sarah Ann Burkhardt certain real estate in Belle Plaine, Benton county, Iowa: Now, therefore, we, the said Sarah Ann Burkhardt and Jacob Burk-

hardt, her husband, do by these presents, and for and in consideration of said conveyance, hereby promise and agree to support, maintain, and take care of the said Sibilla Richart during the balance of her life; and we do hereby promise and agree to take good and proper care of the said Sabilla Richart, and provide her with a good and comfortable home, to provide her with all the clothing she may need during the balance of her life, to take good and proper care of her in case of sickness, and at her death to pay all her funeral expenses." The defendant continued to live with her husband until May, 1887, when she was taken to the hospital for the insane at Independence. She remained there several years, and was then transferred to the county infirmary of Benton county, where she has since remained. Seven children were born to the plaintiff and defendant. The plaintiff claims that he supported Mrs. Richart from the time the contract was made until her death, performing all the requirements on the part of himself and his wife, and thus furnishing all of the consideration for the contract; that the defendant failed to perform any of the requirements of the contract, and did not furnish any part of the consideration for it; and that, by reason of these facts, the defendant holds the legal title to the premises referred to in the contract in trust for the plaintiff. The petition further states that, since the making of the contract and delivery of the deed, the plaintiff has placed on the premises improvements "in the sum of about two thousand three hundred dollars, and has also paid all of the taxes on the propety since the deed was made," and asks that the defendant be decreed to have no title or interest in the premises excepting her dower and homestead rights therein, and that the title thereto be decreed and quieted in him.

I. The record contains a large amount of immaterial testimony, and numerous propositions of fact and of law are discussed and authorities cited which do not appear to us to be relevant to the controlling questions in the case.

For example, the plaintiff has submitted evidence to show that he boarded with the parents of his wife before he married her; had helped them financially; promised the father to take care of the mother after his death; and made improvements on the premises after the marriage, and before the deed to the defendant was delivered. No issue in regard to those matters is involved in this case. The petition alleges that the consideration for the deed was to be furnished after its delivery, and the deed, and the agreement under which it was delivered, and what was done pursuant to that agreement, must control. If it be said that the history of the parties in interest before the deed was delivered tends to corroborate the claim which the plaintiff makes that Mrs. Richart had agreed to convey the property to him, and that it was finally made to the defendant for the reason that she insisted upon having that done, and he consented to it because her mind was affected and for the purpose of benefiting her mental condition, it may be answered that his claim in that respect is not sustained by the evidence. What was done was the result of deliberation, and was what the parties in interest intended to do. We are satisfied that Mrs. Richart proposed to vest the title to the property in the defendant for the benefit of the defendant and her children, and that Mrs. Richart intended that the interest of the plaintiff should be what he would be entitled to as the husband of the defendant and from the occupation of the premises as a homestead. The money which the plaintiff furnished the parents, and the care he took of them, are creditable to his humanity and manhood, but cannot be given weight in determining the issues of this case.

It is said that the defendant failed to furnish any of the consideration for the deed, and that the plaintiff furnished all of it; therefore that equity demands that the plaintiff be decreed to be the owner of the property. The evidence does not sustain the claim of the plaintiff that all of the consideration was furnished by him. His wife, notwithstanding her mental infirmity, was an active,

industrious woman, and capable in discharging household
duties. She continued to perform those duties from the
delivery of the deed until within from two to four weeks
of the time when she was sent to the hospital for the insane,
or during nearly one-half of the time her mother lived after
the deed was delivered. The only way in which the defend-
ant could have performed her part of the contract was by
doing what she did, prior to the time she was sent to the
hospital. It thus appears that we have a case where, as the
consideration for a conveyance of property to one of two
persons, both agreed to support the grantor during her life-
time, to furnish her a home, clothing, and all necessaries,
and to pay her funeral expenses, and where the person who
received the title furnished but a part of her share of the
consideration contemplated by the agreement. Do such facts
give the person who furnished the remainder of the consid-
eration the right to the absolute ownership of the property?

The question must be answered in the negative. The
deed and contract in question do not express a trust;
therefore, if one exists, it must be by implication.
"Implied trusts are those that arise when trusts are not
directly or expressly declared in terms, but the courts, from
the whole transaction and the words used, imply or infer
that it was the intention of the parties to create a trust."
1 Perry Trusts, section 112. Trusts are sometimes estab-
lished for the purpose of protecting the rights of parties
and defeating fraud. 10 Am. & Eng. Enc. Law, 2. It
is said that, "in all species of resulting trusts, intention is
an essential element, although that intention is never
expressed by any words of direct creation." 2 Pomeroy
Equity Jurisprudence, section 1031. Somewhat different
classifications of trusts are adopted by different authors. In
1 Perry Trusts, section 125, five classes of resulting trusts
are given, and in the first of those only can this case be
claimed to fall, and that is stated as follows: "When the
purchaser of an estate pays the purchase money and takes

the title in the name of a third person." It is said that, when the purchaser and the grantee are strangers to each other, a trust arises from the transaction, and the grantee will be trustee for the party from whom the consideration proceeds. 1 Perry Trusts, section 126. And where the consideration is paid by one who is under natural or moral obligation to provide for the grantee, as when the consideration is paid by a husband and the conveyance is made to his wife, the transaction is *prima facie* an advancement, and the burden is on him who seeks to establish a trust to overcome the presumption which must be indulged in such a case in favor of the legal title. *Cotton v. Wood,* 25 Iowa, 43; *Cecil v. Beaver,* 28 Iowa, 241. And where a purchase is made by two persons, and one pays all of the purchase price, but conveyance is made to both, no trust results in favor of the one who made the payment. His right would be to recover one-half of the amount paid. 1 Perry Trusts, section 33. The character of a conveyance is fixed at the time it is made. "The trust must result, if at all, at the instant the deed is taken and the legal title vests in the grantee." *Jones v. Storms,* 90 Iowa, 369; 1 Perry Trusts, section 133; 2 Pomeroy Equity Jurisprudence, section 1037; 10 Am. & Eng. Enc. Law, 24. Another rule applicable to such cases as this is that a resulting trust can only be established by evidence which is clear and satisfactory. *Robinson v. Robinson,* 22 Iowa, 427. The evidence in this case fails to establish a trust in favor of the plaintiff. He testifies that he did not intend that by the transaction title to the property should be vested in his wife. But his testimony to that effect is not sufficient to overcome the plain provisions of the deed, and the testimony of other witnesses, which shows that it was executed according to the intention of the parties to it. The defendant furnished at least a part of the consideration for it, and, if it be true that the plaintiff may justly complain of her failure to pay more, that fact does not entitle him to the property. On his own showing, the consideration

for the deed was to be furnished after it was delivered, and it was not affected by a trust when delivered. The evidence fails to show that a trust was intended by any party to the transaction. See *Maxwell v. Maxwell*, 109 Ill. 588. In the case of *Institution v. Meech*, 169 U. S. 398 (18 Sup. Ct. Rep. 396), relied upon by the appellant, the evidence showed that the conveyance there in controversy was made pursuant to an agreement by virtue of which the property was held in trust, and the case is not, therefore, in point.

II. It is contended that the defendant was insane when the deed and agreement were made, that she was not competent to contract, and for that reason the deed should be set aside. Just what benefit the setting aside of the deed would be to the defendant is not apparent, unless it be adjudged that he have the legal title. If the deed were set aside, the parties could not be restored to the conditions which existed before it was made. The grantor is dead, and the evidence fails to show an agreement that the title to the property should be vested in the plaintiff. The rights of the defendant would be prejudiced by the setting aside of the deed. The plaintiff was a party to the transaction which included the deed, and fully consented to it. He should not now be permitted to take advantage of the alleged disability of his wife, to her prejudice and his own advantage. *Allen v. Berryhill*, 27 Iowa, 534; *Tiffany v. Tiffany*, 84 Iowa, 122.

III. This cause was submitted in the trial court to be taken under advisement and determined as of the last day of the term, which was November 28, 1896. Afterwards, on the nineteenth day of December, 1896, but before the finding of the court was announced, the plaintiff filed an amendment to his petition, in which he alleged that he had occupied the premises for more than five years next before the commencement of the suit, and made improvements and paid taxes thereon and insurance, and asking that, if he was found not to be the owner of the premises, an accounting be

had or ordered. A motion to strike the amendment from the files was made by the defendant, but no ruling thereon is shown excepting in the final judgment of the court dismissing the petition and amendment. Relief on account of the amendment was not granted. We do not find that the court erred in refusing to grant relief which it asked. The case was not tried on the issue presented by the amendment, the evidence given was not sufficient to authorize the court to make an accounting, and the relief asked could not have been given without setting aside the submission and opening the case for further proceedings; hence, had the amendment been authorized if made in due time, it was properly disregarded because made too late to require consideration as a matter of right. But see *Buck v. Holt.* 74 Iowa, 294; *Fogg v. Holcomb,* 64 Iowa, 621; *Walton v. Gray,* 29 Iowa, 440.

IV. The defense of the defendant was made by a guardian *ad litem,* and the sum of one hundred and fifty dollars was allowed by the court for his services. No objection is made to the amount, but it is insisted that no sum should have been allowed for that purpose to be paid by the plaintiff.

The commencement of this action, and the mental condition of the defendant, made the appointment of a guardian *ad litem* necessary, and the proper compensation for his services should be paid by the plaintiff. Since no objection is made to the amount taxed, the action of the district court in taxing it should not be disturbed. The judgment rendered appears to be correct, and it is AFFIRMED.