Thomas GRANT, For Himself and as Administrator of the Estate of Michael Grant, and Kim Grant, As Mother of Michael Grant and For Herself, Plaintiffs,

v.

IOWA DISTRICT COURT FOR HANCOCK COUNTY, Defendant.

No. 91–1496.

Supreme Court of Iowa.

Nov. 25, 1992.

Alfred A. Beardmore, Charles City, for plaintiffs.

Charles H. Levad, Mason City, for defendant.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In *Garcia v. Wibholm,* 461 N.W.2d 166 (Iowa 1990), we explored how far a guardian ad litem had to go in defending an incarcerated civil defendant. In this certiorari proceeding, we must decide whether the district court may properly order the plaintiffs to pay, before judgment, an attorney appointed as guardian ad litem the fees and costs incurred in representing such a defendant. Because we find no authority—statutory or inherent—for such an order, we sustain the writ of certiorari.

Raymond Alan Laurie was convicted of involuntary manslaughter. The conviction grew out of charges based on reckless driving and operating while intoxicated. Michael Grant was the unfortunate victim of Laurie's criminal conduct. The district court sentenced Laurie to prison where he was at the time this case reached this court.

In April 1990 Michael's estate and Michael's parents filed a wrongful death action in Hancock county against Laurie and a dramshop action against the owners of the bar where Laurie allegedly drank his intoxicating liquor. Shortly thereafter, the plaintiffs filed an application for appointment of a guardian ad litem to represent Laurie pursuant to Iowa Rule of Civil Procedure 13. That rule prevents entry of judgment against an incarcerated person without the appointment of a guardian ad litem.

In June 1990 Judge Gilbert K. Bovard appointed attorney Charles H. Levad, a Mason City sole practitioner, as Laurie's guardian ad litem. Levad had—at State

expense—represented Laurie in the criminal proceedings. The order provided that Levad would be compensated "for the fair and reasonable value of his services to be taxed as a part of the costs of this action."

Apparently Judge Bovard had asked Levad to serve as Laurie's guardian ad litem. Levad agreed to do so on the assumption that his duties would be limited to filing an answer to prevent a default. Earlier, in an unrelated case in Cerro Gordo county, Levad had asked the district court to clarify his duties as a guardian ad litem. In response, Judge Jon Stewart Scoles ruled in the unrelated case that

> the duties of the guardian ad litem are limited to filing an appropriate answer to prevent the entry of a default judgment [against the defendant].

Levad made it clear to the plaintiffs' counsel that his duties for Laurie would be similarly limited.

In September 1990 we filed our decision in *Garcia v. Wibholm*, 461 N.W.2d 166 (Iowa 1990). We recognized in that case that the duty of a guardian ad litem might indeed extend to providing a defense at trial.

In November 1990 Levad filed a motion for leave to withdraw. In his motion, Levad pointed out that he had agreed to serve on the assumption that his duties would be limited to filing an answer. Citing our holding in *Garcia*, Levad asked to be relieved of his duties because he did not have the time nor the resources to provide an active defense for Laurie.

During a hearing on this motion in December 1991, Judge John S. Mackey indicated his reluctance to grant the motion to withdraw unless substitute counsel would take over as guardian ad litem. Levad told the judge he would ask the legal clinics at both law schools in this state if they would assume representation of Laurie. Both declined for various reasons.

Levad communicated this to Judge Mackey who later acknowledged in his January 1991 ruling that substitute counsel was not available. Judge Mackey denied Levad's motion, stating:

> The court understands the financial hardship placed upon Mr. Levad as did the supreme court in the *Garcia* case; however, such hardship does not outweigh the performance of his duties as court-appointed guardian ad litem in this matter.

We later denied Levad's application for discretionary review of Judge Mackey's ruling.

In July 1991 the plaintiffs filed a notice of their intent to depose Laurie on August 1 at the Correctional Release Center in Newton where Laurie was in custody. Levad immediately filed a "resistance to notice of deposition, application for protective order, and motion to withdraw." In his combined motion, Levad detailed what had happened to this point and said that without a court order providing payment of fees and costs incurred in representing Laurie, he could not proceed any further. Levad requested (1) an order staying the deposition until he was provided with funds to defend the action, and (2) that he be allowed to withdraw as counsel for Laurie.

The plaintiffs resisted the motion in its entirety. Judge Bovard denied Levad's motion but ruled that the plaintiffs should extend to Levad the cost of transportation to the deposition at Newton. Judge Bovard also ruled that the plaintiffs should pay Levad a reasonable fee for his services as defined in Iowa Code section 622.72 (1989) (setting fees of experts who are called to testify). Judge Bovard reasoned it was only fair that the plaintiffs pay the reasonable fees and costs incidental to the deposition because they had asked for the appointment of the guardian ad litem and they were the primary beneficiaries of the appointment.

In September 1991 Judge Scoles entered an order resetting Laurie's deposition for October 1, 1991. Judge Scoles also ruled that, pursuant to Judge Bovard's earlier order, the plaintiffs had to advance to Levad his "transportation costs and a reasonable attorney fee associated with the taking of the deposition." The plaintiffs paid the fees and costs and deposed Laurie on October 1.

Shortly before the deposition, Levad filed an application to extend the court's ruling "to cover all of the representation and costs of defendant Laurie." He further requested that the plaintiffs "advance a reasonable attorney's fee and the costs of the defense at trial prior to November 19, 1991," the scheduled trial date. Levad submitted an itemized statement of fees and costs he had incurred to that point, totaling $1849.88.

The plaintiffs resisted the motion. Nevertheless, Judge Bovard granted it and ordered the plaintiffs to pay Levad $1849.88 through September 17, 1991. Judge Bovard declined to address Levad's request for advance payment of trial fees and costs without an itemization of them.

This ruling prompted the plaintiffs to file a petition for a writ of certiorari with this court, challenging the district court's authority to order the $1849.88 payment to Levad. We granted the writ.

■■■ I. A certiorari action is appropriate when, as here, the district court "is alleged to have exceeded its jurisdiction or to have acted illegally." *State v. West,* 320 N.W.2d 570, 573 (Iowa 1982). Our review of certiorari actions is at law. *Zimmermann v. Iowa Dist. Ct.,* 480 N.W.2d 70, 74 (Iowa 1992).

■■ II. The plaintiffs claim that the district court exceeded its authority when it ordered the plaintiffs to pay Levad's guardian ad litem fees and costs.

Levad thinks Iowa Code chapter 625, on costs, provides the district court with such authority. For reasons that follow, we disagree.

■■ The district court lacks inherent power to tax court costs. Such authority derives solely from statute. *Schark v. Gorski,* 421 N.W.2d 527, 528 (Iowa 1988); *Dole v. Harstad,* 278 N.W.2d 907, 909 (Iowa 1979). At common law, court costs were not recoverable. *City of Ottumwa v. Taylor,* 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960).

Iowa Code section 625.1 states that "[c]osts shall be recovered by the *successful* [party] against the losing party." (Em-

phasis added.) Iowa Code section 625.5 states that "[a]ll costs accrued at the instance of the *successful* party, which cannot be collected of the other party, may be recovered on motion by the person entitled to them against the successful party." (Emphasis added.) The word "successful" in both statutes suggests to us that no party is entitled to costs until a judgment is recovered.

This court has held that it is proper to tax an unsuccessful plaintiff with a guardian ad litem fee. The court reasoned that the mental condition of the defendant *and* the commencement of the action made the appointment of a guardian ad litem necessary. *Burkhardt v. Burkhardt,* 107 Iowa 369, 376, 77 N.W. 1069, 1072 (1899). Although this court in *Burkhardt* made no mention of a statute authorizing such a result, we think it relied on Iowa Code section 3862 (1897) in reaching its conclusion. Section 3862 tracks verbatim the language of Iowa Code section 625.14, which provides:

The clerk shall tax in favor of the party recovering costs the allowance of the party's witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, *and any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow.*

Iowa Code § 625.14 (emphasis added). *See Lalla v. Gilroy,* 369 N.W.2d 431, 434 n. 3 (Iowa 1985) (reaching the same conclusion by dictum).

In addition, Iowa Code section 625.5 might be read to require a successful plaintiff to pay the guardian ad litem fee if the guardian cannot recover the fee from the ward.

But neither section 625.1 nor section 625.5 comes into play here because the litigation is still in progress. So as we read Iowa Code chapter 625, the district court lacked statutory authority to order the plaintiff to pay Levad his fees and costs in the amount of $1849.88. The court also

lacked inherent authority to order such payment.

We also reject Levad's contention that Iowa Code section 622.74 permits the district court to order the payment of the guardian ad litem fees and costs in advance as it did here. That section permits *only* witnesses to be paid their witness and traveling fees in advance. The statute clearly has no application to guardian ad litem fees and costs.

III. In *Garcia* we noted the pitfalls that vex the district court attempting compliance with Iowa Rule of Civil Procedure 13. They bear repeating:

> This case underscores the frustration and difficulty a trial judge faces in attempting to secure representation for an indigent incarcerated civil defendant. Unlike criminal defendants, the legislature has not seen fit to compensate those appointed to defend incarcerated civil defendants. Yet the rule obligates trial judges to appoint guardians ad litem. And there is no requirement that those asked must serve. What then must a trial judge do in these circumstances? Obviously the only thing a trial judge can do is ask and hope for an affirmative answer. Trial judges should not be put in this position.

*Garcia,* 461 N.W.2d at 171.

We do not fault the district court in reaching the conclusion it did. The court was attempting—albeit unsuccessfully—to resolve the dilemma with the statutory authority available.

We sympathize with Levad and other court-appointed practitioners who find themselves caught between the mandate of Iowa Rule of Civil Procedure 13 and their inability to fund, if need be, a full defense for their clients. We again urge the legislature to provide a funding mechanism for the representation of incarcerated civil defendants.

Until the legislature moves on this problem, we suggest two things. First, we urge the bar leadership to expand the volunteer lawyers project to provide representation for such defendants. Second, we urge the legal clinics at both law schools of this state to likewise expand their programs.

IV. Although what we suggest does not help Levad, present circumstances may somewhat alleviate his problem. In oral arguments, we learned that Laurie has been released from custody. Statutorily, there is now no need for a guardian ad litem. In the meantime, we are constrained to sustain the writ of certiorari because the district court exceeded its authority when it ordered the plaintiffs to pay Levad his fees and costs incurred.

WRIT SUSTAINED.