**Thomas GRANT, For Himself and as Administrator of the Estate of Michael Grant and Kim Grant, As Mother of Michael Grant and For Herself, Appellants,**

v.

**Raymond Alan LAURIE, Appellee.**

No. 94–709.

Supreme Court of Iowa.

June 21, 1995.

Alfred A. Beardmore, Charles City, for appellant.

Charles H. Levad, Mason City, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

In *Grant v. Iowa District Court*, 492 N.W.2d 683, 685 (Iowa 1992), we held that a court lacked either statutory or inherent authority to tax as costs in a tort suit the fees for an attorney appointed as guardian ad litem to represent an incarcerated defendant. We rejected the statutory claim because "litigation [was] still in progress." *Id.* The tort litigation is concluded and the question here is whether there is now statutory authority to award the fees. The trial court responded in the affirmative and we agree. Because, however, we think a part of the fees should not have been assessed, we affirm only in part, reverse in part and remand.

The facts were explained in our prior decision so it is unnecessary to detail them again here. It is enough to state that plaintiffs (the Grants) are parents and representatives of Michael Grant who was killed when struck by an automobile driven by Raymond Laurie. Laurie was convicted of involuntary manslaughter and sentenced to incarceration.

While Laurie was in prison the Grants brought this wrongful death suit against him and others. In seeking judgment against Laurie, the Grants had to contend with Iowa rule of civil procedure 13.[1] Charles H. Levad, an attorney in solo practice, had been appointed at public expense to represent Laurie in the criminal proceeding. Levad, as an officer of the court, was thereafter required, notwithstanding his attempts to withdraw, to continue his representation of Laurie in this tort suit.

■ I. Now that tort litigation has been completed, we are called upon to revisit the same question that was presented in the prior certiorari proceeding: whether fees incurred by an attorney appointed as guardian ad litem pursuant to rule 13 can be taxed as costs. Three statutes are implicated. Iowa Code section 625.1 (1995) generally provides that costs shall be collected by the successful party against the losing party. Section 625.5 provides:

> All costs accrued at the instance of the successful party, which cannot be collected of the other party, may be recovered on motion by the person entitled to them against the successful party.

Finally, section 625.14 directs the clerk to tax as costs "any ... matter which the court may have awarded as costs in the ... action, or may allow."

■ When, as is usual in Iowa, a guardian ad litem is an attorney, and necessary services include those as an attorney, the fees to be allowed should include those for professional legal services. *Hirczy v. Hirczy*, 838 S.W.2d 783, 786–87 (Tex.App.1992); *Ragan v. Looney*, 377 S.W.2d 273, 276 (Mo.1964). *See also* 42 Am.Jur.2d *Infants* § 190 (1969).

■ The Grants, not surprisingly, are appalled by the prospect of being required to pay Levad's attorney fees for representing the judgment-proof, drunken driver who killed their son. They describe this prospect as "unthinkable," and cite language in our prior opinion in this case, and also in *Garcia v. Wibholm*, 461 N.W.2d 166, 170–71 (Iowa 1990), and *Dole v. Harstad*, 278 N.W.2d 907, 909 (Iowa 1979), for the well established rule that there is no common-law authority to tax attorney fees as costs. These authorities do indeed stand for the proposition that any such authority must be derived from a statute.

---

1. Rule 13 provides:

   No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian or the attorney appearing for a competent party may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interest.

The trial court was neither unsympathetic to the Grants, nor oblivious of these authorities. But it must be remembered that, following the terrible tragedy that befell them, it was the Grants who opted to bring suit against an incarcerated defendant. The statutory scheme for such a situation necessarily accommodates the required representation of the imprisoned defendant. And it is apparent to us that the scheme presupposes that the sacrifice demanded for this representation should come first, not from some unwilling lawyer forced into the role of guardian ad litem, but from the litigant who chooses to seek the judgment. This is clear from a reading of rule 13 and the statutes above cited, especially Iowa Code section 625.5, which imposes costs on a successful plaintiff when they are not recoverable against an unsuccessful defendant.

So there was no error in assessing Levad's guardian-ad-litem fees against the Grants.

 II. The Grants take separate aim at that part of the attorney fee allowance that pertains to the first appeal, the certiorari proceeding. In that proceeding Levad defended the district court's allowance of his fees (fixed at $1849.88) for representing Laurie. The fee now fixed for representing the district court in the certiorari proceeding is $2391.66. We agree with the Grants that the $2391.66 allowance was unrelated to Levad's guardian-ad-litem services as contemplated by the statutory scheme we have described. The certiorari proceeding was actually a private appeal to successfully challenge the fee allowance. It fell outside the Grants' dispute with Laurie; it pertained to their special difference with Laurie's attorney. It was error to allow $2391.66 of the total fees as costs in the tort suit.

The case must be remanded for entry of a judgment fixing Levad's guardian-ad-litem fee at $1849.88. Tax costs on appeal one-half to the Grants and one-half to Laurie.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**