**IN THE COURT OF APPEALS OF IOWA**

No. 13-0324
Filed March 26, 2014

**IN THE INTEREST OF I.M.H.,**
**Minor Child,**

**B.E.R. AND E.C.R.,**
**Petitioners-Appellants,**

**J.H., Father,**
**Appellee.**

_____

Appeal from the Iowa District Court for Lee (North) County, Gary R. Noneman, District Associate Judge.

A mother and step-father appeal the district court's dismissal of their petition to terminate the parental rights of the child's biological father. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellants.

J.H., West Point, appellee pro se.

Gordon Liles, Fort Madison, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

A mother and step-father appeal the trial court's dismissal of their petition to terminate the parental rights of the child's biological father so that the step-father could adopt the child. They assert on appeal that the biological father had abandoned the child and it is in the best interests of the child to terminate the biological father's parental rights. In addition, they claim it was an error for the trial court to order them to pay the guardian ad litem fees.

Upon our de novo review of the record, we conclude the trial court thoroughly and completely addressed the claims raised on appeal. It is clear to this court, as it was to the trial court, that the mother and step-father failed to prove by clear and convincing evidence that the biological father abandoned the child or that it is in her best interests to terminate the biological father's parental rights. We therefore affirm the trial court's decision pursuant to Iowa Court Rule 21.26(1)(d).

With respect to the payment of the guardian ad litem fees, we note the mother and step-father requested the appointment of a guardian ad litem for the child at issue here. The court taxed the guardian ad litem fees against the mother and step-father as court costs. Pursuant to Iowa Code section 625.1 (2011), "Cost shall be recovered by the successful party against the losing party." It is undisputed the mother and step-father are the losing party in this case as the court dismissed their petition to terminate the rights of the biological father. Section 625.14 permits the clerk to tax "any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow." Guardian ad litem fees have been included in costs that the court may

tax as court costs under sections 625.1 and 625.14. *See Grant v. Laurie*, 533 N.W.2d 563, 565 (Iowa 1995) (approving of the trial court's assessment of the guardian ad litem fees for an incarcerated defendant against the successful plaintiffs). We find no error in the court's assessment of costs, including the guardian ad litem fees, against the mother and step-father.

**AFFIRMED.**