## THE STATE OF IOWA;

IOWA CITY, JUNE TERM, A. D. 1850,

In the fourth year of the State.

---

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
" JOHN F. KINNEY, } JUDGES.
" GEORGE GREENE, }

—— • • ——

## HALL *v.* WASHINGTON CO.

Where an attorney is appointed by the court to defend a pauper prisoner the county is liable for his fees.
*Whicher* v. *Cedar Co.* 1 G. Greene, 217; overruled.

*Error to Washington District Court.*

*Opinion by* WILLIAMS, C. J.   John C. Harriman was indicted for murder in the district court of Washington county.   He was tried and convicted.   A writ of error was sued out on his behalf.   The case was tried at the June term of the supreme court at Iowa City, and the judgment of the district court reversed.   When the cause

was called for trial in the supreme court, the prisoner applied for the appointment of a suitable person to act as his attorney and counsellor. Whereupon the court in compliance with the statute, appointed and directed J. C. Hall, Esq. to attend to his case as attorney and counsellor, and his services were rendered accordingly. Mr. Hall, after the trial and judgment, obtained of the court a certificate of his appointment, the services rendered, and that one hundred dollars was a reasonable charge for them. He soon after presented his bill for the one hundred dollars, accompanied by the certificate of the supreme court to the board of commissioners of Washington county, at their session for allowance. The commissioners refused to allow it, and entered their decision to that effect. An appeal, in compliance with the statute, was taken from the commissioners court to the district court of the county. At March term, of the district court the cause was tried, and judgment rendered against the plaintiff Hall, for costs of suit, on the ground that the county was not legally liable to pay for services so rendered.

The only question for decision here, is, as to the county of Washington being liable for the services of the attorney rendered in pursuance of the requirement of the statute in this case. The statute, (*Rev. Stat.* 155, § 64,) provides that "The court shall assign counsel to defend the prisoner, in case he cannot procure counsel himself." It was upon this statute the court acted, being satisfied that Harriman was a pauper, and unable to procure counsel for himself. The question has been heretofore adjudicated by the supreme court of this state. *Whicher* v. *Cedar County,* 1 G. Greene 217. The judgment of the court was then given by a mere majority of the judges, one dissenting; and adverse opinions were delivered. It certainly is the great design of government, and it should be the aim of the judges to administer the law as it is, that its end, the establishment of right may be secured. In accomplishing this task which is often difficult, minds enlightened and of the purest intention, will differ in the

Hall *v.* Washington Co.

conclusion. It is also true, that whilst the establishment of right between man and man is the paramount object of law, it is highly important that as a rule of action it should be fixed and certain, so that it may be known and observed by those who are required to be subject to it. A decision made by the supreme court of the state, should not be reconsidered and reversed upon doubtful ground or little consideration. However, where the principle decided has a direct and important bearing on the question of right, in view of the essential and permanent interests of community, it is the duty·of the court, regarding its own responsibility, upon due occasion, to review its former decisions with care and candor. This being done, if convinced and satisfied of error in the former decision, private and public interest as well as justice to the court itself, require that its judgment should be corrected. In a court of last resort, this is the only mode of correction.

It is quite probable that the district court in deciding the case at bar, was governed by the case of *Whicher* v. *Cedar County*. The judgment is in accordance with the doctrine of that case. But we cannot coincide with the majority of the court in maintaining the doctrine there expressed by them.

The prisoner Harriman, was a pauper unable to procure counsel for himself on trial before the supreme tribunal of the state, for the highest offense known to the law, his life at stake upon the issue, he threw himself as a citizen upon the provision of the law of his country, for the aid and protection which it guarantees to every citizen, when arraigned before the proper tribunal for trial.

His complaint was, that in the proceedings of the district court which had resulted in his conviction, there was error; that he had not been convicted by the due course of the law of the land. He claimed the right of a citizen of Washington county, under the law of the state, to have counsel in conducting his case before the court, being unable to procure that counsel for himself. Without disre-

garding the law of the state, the court could not deny him this right. Vide *Rev. Stat.* 155. Mr. Hall was duly appointed. He acted by authority of the court. The court acted in obedience to the express mandate of the statute. Here, we think is a case of statutory obligation, fixing a liability on the proper county to pay for the services of the attorney. The service rendered was not voluntary on the part of the court or the attorney, but it was in obedience to law. The court was bound to comply with the requirement of the statute, and the attorney as an officer of the court could not refuse to act. Where an act of service is performed in obedience to direct mandate of statutory law, under the direction of a tribunal, to which the enforcement of that law is committed, reasonable compensation to the person who performs that service is a necessary incident, otherwise the arm of the law will be too short to accomplish its designs. If attorneys as officers of the court, have obligations under which they must act professionally, they also have rights to which they are entitled, and which they may justly claim in common with other men in the business of life. Among these rights, that of reasonable compensation for services rendered in their profession, is justly to be considered. The exercise of judicial power, in order to effectuate the common and statute law, frequently becomes necessary, and must exist incidentally. By virtue of such power, auditors, commissioners, masters in chancery, &c., are appointed and act; and proper compensation is awarded to them. All the officers of the court are recognized, as being on just consideration, entitled to fees for official services performed. All that has been done by the law, is merely to limit them in amount. Why should the attorney at law be made an exception to this general principle? We see no good reason for it. His time, labor and professional skill are his own. He should not be required to bestow them gratuitously at the will of the court, any more than should any other officer. But it is enough, here, to say that, whilst the statute requires the court to appoint counsel in a case

Hall *v.* Washington Co.

like this, it is silent on the subject of pay for his services. It leaves that matter to be disposed of upon the principles of the practice of the common law. There certainly is no legal exception as to an attorney, so as to distinguish his case from any other functionary. In deciding the case of *Whicher* v. *Cedar Co.*, the court took the ground, "that there is no statute providing for compensation for services rendered in such cases. If the board of county commissioners choose to compensate an attorney for such services, we see no objection. But this is a matter left to their discretion." We cannot see how this position could operate in denial of the plaintiff's right of action. It seems to be admitted there, that the attorney was entitled to pay for his services. That the commissioners had proper authority to allow his fees, but it is decided that they might make the allowance or not, in their discretion. This we think is untenable. If the attorney was entitled to his compensation, under the law, and if the commissioners were authorized to pay him for his services, they had, and could exercise no discretionary power. They are officially existent only by operation of the statute law. They could only act under its authority. In this case, the right of an action in the plaintiff does not arise from an express contract; but it is necessarily given by the statute. The statute authorizes the appointment of counsel, in defense of a pauper when accused of crime, in view of the right of that counsel to compensation for the service rendered, in obedience to that law, as an incident necessarily attaches a liability for the services to the county which is properly chargeable with the maintenance of the proceeding. This view of the case is sustained by the supreme court of Vermont. *Wolcott* v. *Wolcott*, 4 Vt. 37; *Vermillion Co.* v. *Knight*, 1 Scam. 97.

In the case of *Whicher* v. *Cedar Co.*, the court adverts to the necessity of legislative interference in order to provide for compensation of this kind. We are of the opinion, that the act requiring the court to appoint counsel for the prisoner is quite sufficient for that purpose, as we have

shown. If it were not, however, when the duty enjoined had been performed by the counsel, his right to his pay for it had accrued. The prisoner being a pauper, the liability attached to the county of which he was a citizen. The right of the attorney to compensation was complete, without further legislative enactment. This is not a case of voluntary services. It is a fundamental rule of right, established by the constitution of the United States, "that private property shall not be taken for public use without just compensation." The service was required by competent legal authority, which having been rendered, the attorney is entitled to his pay for it.

It has been urged, that the prosecution being conducted by a prosecuting attorney, who is paid by the county, there is an inconsistency in requiring an attorney to act in defense of the accused, and then to allow him compensation from the county treasury. We have already shown, that the prisoner was a pauper, depending on the county in this matter. But furthermore, he is a citizen to whom rights in common with others are guaranteed by the constitution, among which is "the assistance of counsel for his defense." Art. 6, Constitution U. S. He in this, was entitled to the protection of the law, which has humanely provided for every citizen in like circumstances, "a speedy and public trial by an impartial jury," and the assistance of counsel for his defense, so that he may have a fair opportunity of making his innocence manifest. We consider this view of the design of our legislative enactment, and the right of the attorney under it, as conforming to the enlightened spirit of the present age. So limited and restricted is the sphere of action prescribed for the judge, as to proceedings on trial touching matters of fact, that without the aid of able and experienced counsel, the poor and ignorant man would often find accusation and prosecution tantamount to conviction. The innocent would have their lot with the guilty in suffering the penalty of the law. It is not presumable, that this humane provision of the law for the protection of the accused, but innocent, poor

citizen, was intended by the legislature to be at the expense and in violation of the right of the citizen, whose profession is that of an attorney.

This view of the question, is ably presented in the opinion of the judge, who dissented in the case of *Whicher* v. *Cedar Co.* By this judgment of the case, the constitutional and legal rights of the accused citizen are secured as also are those of the attorney at law. The consistency of the law is preserved, and the liability is justly applied.

The judgment of the district court is reversed and a *venire de novo* awarded, for proceedings to be had not inconsistent with this opinion.

Judgment reversed.

*N. Everson*, for plaintiff in error.

*Patterson & Smyth*, for the county.