MRS. EMMA N. HYATT, Executrix, v. HAMILTON COUNTY, Appellant.

**Disbarment:** COMPENSATION OF ATTORNEY APPOINTED TO PROSECUTE: LIABILITY OF COUNTY. An attorney appointed by the court to act for the public in the prosecution of disbarment proceedings is entitled to reasonable compensation to be paid by the county.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, OCTOBER 15, 1903.

ACTION by plaintiff, as executrix of the estate of her husband, M. B. Hyatt, deceased, to recover compensation for services rendered by deceased, on the appointment of the district judge, in proceedings to disbar certain attorneys. Defendant demurred to plaintiff's petition, and, when overruled, defendant stood upon his demurrer, and judgment was entered for the plaintiff, from which judgment defendant appeals.—*Affirmed.*

*J. M. Blake,* County Attorney, and *A. N. Boeye* for appellant.

*D. C. Chase* for appellee.

McCLAIN, J.—The simple question involved in this appeal is whether the lower court erred in holding that, notwithstanding there is no statutory provision for compensation to an attorney appointed by the court to prosecute disbarment proceedings under the provisions of Code, section 325, such attorney is entitled to compensation. The theory of the appellant seems to be that the attorney thus appointed is an officer of the court, and, like

other public officers, is entitled only to such compensation as is provided for by statute, and that the county cannot be rendered liable for any expenses in conducting the cause, unless such liability is expressly declared by statute. But with these contentions we cannot agree. It is true that the attorney is in some sense an officer of the court. But he is certainly not a public officer. As incident to the privilege of practicing in the courts, he may be required to discharge certain duties imposed upon him by statute. Thus he may be required to defend a criminal. But we know of no obligation imposed upon him by statute to give his services to the public without compensation. It was held by this court, before there was any statutory compensation to counsel appointed to defend one accused of crime who was without means to employ counsel, that, while the person appointed by the court for the purpose was under obligation to render his services, there was a corresponding obligation on the part of the county to pay him a reasonable compensation therefor. *Hall v. Washington County*, 2 G. Greene, 473. That case overruled *Whicher v. Cedar County*, 1 G. Greene, 217, in which the court had held that compensation was discretionary in such cases with the county. Likewise, in *White v. Polk County*, 17 Iowa, 413, it was held by the two judges who favored affirmance that one appointed by the court to act as special prosecutor in criminal cases in the absence of the district attorney was entitled to reasonable compensation from the county for his services, although no compensation in such cases was provided for by law. The difference of opinion among the judges of the court in that case was not on the general proposition of implied liability, but on the question whether the prosecuting attorney was to be considered a state or a county officer, it being contended by the two judges who favored reversal that as the prosecuting attorney, under the law as it then existed, was not selected as a county officer, but

was elected for a district composed in most cases of several counties, and was paid out of the state treasury, like district judges, he could not be considered in any sense as the representative of the county. The right of an attorney who is required to perform a service for the public to have compensation therefor has been sustained in other states. See *Carpenter v. Dane County,* 9 Wis. 274; *Dane County v. Smith,* 13 Wis. 585 (80 Am. Dec. 754); *Webb v. Bird,* 6 Ind. 13. The contrary conclusion was reached in *Wayne County v. Waller,* 90 Pa. 99 (35 Am. Rep. 636); *Rowe v. Yuba County,* 17 Cal. 61; *Vise v. Hamilton County,* 19 Ill. 78. The cases of *Morton v. Watson,* 60 Neb. 672 (84 N. W. Rep. 91), and *In re Eaton,* 7 N. D. 269 (74 N. W. Rep. 870), relate to taxation of costs in disbarment proceedings, and, we think, have no direct bearing on the question now before us. The argument by analogy from cases in which this court has held that an officer required by law to perform duties for which no special compensation is provided is not entitled to recover under an implied contract has, as it seems to us, no bearing whatever on the question. In *Foster v. Clinton County,* 51 Iowa, 541, it was held that an attorney appointed by a peace officer to prosecute an action for violation of the prohibitory liquor law was not entitled to recover compensation from the county for his services, for the reason that no authority for such appointment was found in the statute. In *Turner v. Woodbury County,* 57 Iowa, 441, it was held that township trustees, having authority to designate the place where an election should be held, could not render the county liable to make compensation to a private owner for the use of a place thus designated, the reason of the holding being that there was no duty on the part of the county to pay expenses for the purposes of an election otherwise than as provided by law. In *Howland v. Wright County,* 82 Iowa, 164, it was held that the mayor of a town, rendering services as a magis-

trate, was not, in the absence of any provision therefor, entitled to recover from the county for the value of his services, the reason given being that a public officer is entitled only to such compensation as the law provides; and the same reasoning was applied in *Guanella v. Pottawattamie County*, 84 Iowa, 36, to the claim of a city marshal against the county for fees in criminal cases. In *Mousseau v. Sioux City*, 113 Iowa, 246, it was held that a special policeman, appointed to serve at a general election, could not recover for his services from the city or county in the absence of statutory provision therefor, the reason stated being that "no recovery for services rendered by public officers may be had unless compensation is directed by statute.   *   *   *   The state is not bound to provide for such payment, and he who takes employment under its agency accepts with the honors the burden also."

There are no decisions of this court subsequent to that announced in *Hall v. Washington County*, *supra*, indicating dissatisfaction with the reason of that case, and we are satisfied to follow it. The analogy between that case and the one now before us is plain. In that case the duty imposed upon the attorney by appointment of the court, under authority of statute, was to defend a criminal. In this case the duty imposed upon the attorney by order of court, in pursuance of statutory authority, was to act in the prosecution of a special proceeding, in the interest of the public, to disbar attorneys charged with misconduct. The disbarment of persons who have been admitted to the practice of law, but have by misconduct forfeited the right to pursue the profession, is as much a matter of public concern as the defense of those who are charged with crime. A disbarment proceeding is not primarily in the interest of members of the legal profession, but in the interest of those who, desiring to have the services of an attorney, may be misled to their injury, or defrauded, in employing a disqualified or dishonest attorney, by reason

of the action of the state in admitting him to practice and thereby impliedly indorsing him as one to whom legal business may properly be intrusted. When the state undertakes to regulate the admission of attorneys to practice in the courts, it thereby assumes a duty to see to it that unworthy and incompetent persons are not held out to the public by its indorsement as qualified to transact legal business. Other members of the profession, feeling a justifiable pride in the reputation and standing of the profession, may realize more acutely, perhaps, than do the members of the public in general, the danger to the public, and the disgrace to the other members of the profession, involved in allowing improper persons to hold themselves out as authorized by the state to practice. But the statuory provisions as to disbarment are not, apparently, provided for in any way as a protection to other lawyers; and we see no reason why an attorney, required by the court to discharge the duty of assisting in taking away from a brother attorney, who is unworthy of the trust reposed in him, the right to further recognition by public authority as an attorney, should render such services at his own expense.

One further suggestion, perhaps, may be made with reference to the liability of the county. It is true that disbarment proceedings are not instituted by the county, and are not directly in its interest, as a *quasi* municipal corporation. But one of the duties imposed upon a county, as a branch of the government of the state, is to maintain and pay the expenses of a court for the administration of justice. Whatever expense is incident to the maintenance of such court is to be met by the county. The special provision of Code, section 223, that, "where terms are held in any city or town, not the county seat, such city or town shall provide and furnish the necessary rooms and places for such terms, free of charge to the county," implies the liability of the county for the expenses of the court as

usually held at the county seat. There is no special pro-
vision for supplying the necessary furniture for the court-
room, and yet there is no reasonable doubt, we suppose, as
to the authority of the court to require the county in some
proper way to bear the expense of the reasonable accom-
modations to enable the court to transact its business. So
it is the duty of the court, in the discharge of its judicial
functions, to entertain proceedings for the disbarment of
an attorney, and whatever necessary expense is involved
in the prosecution of such a proceeding must inevitably
fall upon the county. It appears to us that there can be
no escape from the conclusion that the county may be
liable by implication for some expenses not directly spec-
ified by statute.

Without further elaboration, we hold that a reason-
able compensation of an attorney appointed by the court
to act for the public in the prosecution of disbarment pro-
ceedings is a charge upon the county, and that the action
of the lower court in overruling defendant's demurrer to
the petition in the present case should be AFFIRMED.

WEAVER, J., taking no part.