O. C. BROWN, Plaintiff, Appellee, v. WARREN COUNTY IOWA, Defendant, Appellant.

**Attorneys:** DISBARMENT: STATUTES: CONSTITUTIONALITY. The statute authorizing disbarment proceedings on the court's own motion, and the appointment of an attorney to draw up the accusation without the allowance of compensation, is not unconstitutional.

*Appeal from Warren District Court.*—HON. LORIN N. HAYES, Judge.

FRIDAY, MARCH 15, 1912.

ACTION at law to recover attorney's fees against the defendant county for services rendered by the plaintiff, an attorney at law, in certain disbarment proceedings and under regular appointment by the court to such services. There was a demurrer to the petition, which was overruled. The defendant elected to stand upon its demurrer, and judgment was accordingly entered for the plaintiff, and the defendant appeals.—*Reversed.*

*J. R. Howard* and *J. O. Watson* for appellant.

*O. C. Brown* for appellee.

EVANS, J.—It is made to appear from the petition that in September, 1903, disbarment proceedings were instituted against one Mosher upon order of the district

court and, upon a like order, the plaintiff and others were appointed to take charge of the prosecution of such proceedings. In such proceedings the plaintiff performed services to the value of $1,075. The appointment of the plaintiff was made under the provisions of section 325 of the Code Supplement, which is as follows: "The proceedings to remove or suspend an attorney may be commenced by the direction of the court or on motion of any individual. In the former case, the court must direct some attorney to draw up the accusation; in the latter, the accusation must be drawn up and sworn to by the person making it. If an action is commenced by direction of the court, the costs shall be taxed and disposed of as in criminal cases; provided, however, that *no allowance shall be made in such case for the payment of attorney fees.*" The defendant's demurrer is based upon the express provision "that no allowance shall be made in such case for the payment of attorney fees." Manifestly upon the face of the statute, the demurrer should have been sustained. We are met with the contention at this point, however, that the statute is unconstitutional, in that it requires the performance of labor without just compensation. It is argued that it is in violation of section 18, article 1, of the Constitution, which provides that "private property shall not be taken for public use without just compensation first being made." The learned trial court adopted this view.

In *Hyatt v. Hamilton County,* 121 Iowa, 292, it was held that the county was liable to the attorney for the value of services rendered in such a case. This holding was based in part upon the fact that the statute then in force required the services, and was silent upon the subject of compensation. The liability of the county was therefore found as matter implied from the statute. Similar reasoning was adopted in the case of *Hall v. Washington County,* 2 G. Greene, 473. The services involved in

the latter case were those rendered by an attorney under an appointment of the court to defend a pauper criminal. In the opinion of this court in that case it was said: "Whilst the statute requires the court to appoint counsel in a case like this, it is silent on the subject of pay for his services. It leaves that matter to be disposed of upon the principles of the common law." Since those cases were decided, the statute has been amended and appears now as section 325 above quoted. The appellee contends, as already stated, that the statute in its present amended form is unconstitutional, and there is some authority for this contention. *Carpenter v. Dane County,* 9 Wis. 274; *Dane County v. Smith,* 13 Wis. 585 (80 Am. Dec. 754). We find no other authorities directly in point upon this particular question which so hold. We do not feel called upon at this time to determine the question of the constitutionality of the statute. If it be unconstitutional as the appellee plaintiff contends, then it is ineffective to create in the appellee plaintiff an affirmative right.

The services for which the plaintiff claims his compensation were rendered under the call of this statute. This is a call for services to be rendered without compensation from the public treasury. If the Legislature had no constitutional power to call for such services without compensation, as therein provided, then clearly the plaintiff was not bound to perform such services. If the plaintiff had declined the appointment of the court on this ground, the court could have accepted the declination, and could have looked for a more willing appointee. If the court had refused to accept the declination, the plaintiff, appellee herein, could then have put the constitutionality of the staute to the test. He did not do so. He accepted the appointment without protest, and he must be held to have done so under the terms of the statute. It will not do to say that only the last clause of the statute is unconstitutional. The question involved at this point is the liability

of the county. It is clearly within the prerogative of the Legislature, both to provide and to limit the liability of counties. If the statute is unconstitutional, it is because it provides for a compulsory service without compensation from any source.

Some analogy to this case may be found in the case of *Samuels v. Dubuque County,* 13 Iowa, 536. That was a case against the county for attorney's fees for services rendered to pauper defendants in criminal cases. The statute under which the appointment was made provided for fees in specific amounts. The statutory fees for the services rendered by the plaintiff in that case amounted to $25, but the plaintiff's services were worth $110. He therefore sued for the value of his services. The holding of this court was adverse to him. In the opinion in that case is was said: "The inconclusiveness of this reasoning is too manifest to require a formal notice. It overlooks the fact that compensation in cases of this kind must be paid from the county revenue, the collection and disbursement of which are under the general control of the Legislature. It also overlooks the still more important fact that attorneys are officers of the law, whose fees, duties, and responsibilities may legitimately be the subject of Legislative regulation, like other officers, and, inasmuch as a class they enjoy certain special privileges under the law, something is justly expected from the *esprit de corps* of the profession in affectuating the policy of the government in giving to every pauper offender arraignment for trial the assistance of learned counsel." A similar question was involved in *Board of Supervisors v. Pollard,* 153 Ind. 371 (55 N. E. 87). This was an action for attorney's fees for services rendered under appointment in an action in behalf of a poor person in pursuance of a statute. We quote as follows from the opinion in that case: "The evident answer to this objection is that the attorney can not be compelled to perform the services, for the reason, at least, that the

statute providing for his appointment denies him compensation, and, if he does render them at the request of the court, he does so voluntarily, and with the knowledge that he is to receive no fee or reward therefor. Having undertaken the employment, voluntarily or gratuitously, he has no ground for a claim to compensation either from the poor person or the county. In our opinion the language of this statute excludes the idea that compensation shall be made the attorney from any source, and we think the courts have no power under it to tax fees, or distribute rewards, when the statute declares that none is to be expected." The plaintiff in that case relied upon a particular provision of the Indiana Constitution, being section 21 of article 1, providing in express terms "that no man's particular services shall be demanded without just compensation," and also upon the earlier case of *Webb v. Baird*, 6 Ind. 13, which is relied upon to some extent by the appellee in this case. If the constitutionality of our statute were put to the test as above suggested, there are cogent reasons of public and professional policy and duty which suggest themselves to the mind in support of the statute. The substance of these is that the privileges of an attorney, as such carry with them their appropriate and corresponding burdens. One of these burdens is to see that the proper standards of the profession be maintained. For a discussion of such question, see the following cases: *Lamont v. Solano County*, 49 Cal. 158; *Rowe v. Yuba County*, 17 Cal. 62; *Elam v. Johnson*, 48 Ga. 348; *Wright v. State*, 3 Heisk. (50 Tenn.) 256; *Arkansas County v. Freeman*, 31 Ark. 266; *House v. Whitis*, 64 Tenn. (5 Baxt.) 690; *People v. Niagara*, 78 N. Y. 622. We may as well say in this connection that we see no sound reason to hold the statute to be unconstitutional. It is our conclusion that in any event the plea of the unconstitutionality of the statute was not available to the plaintiff appel-

lee in this case, and that the learned trial court erred in overruling the defendant's demurrer.

For that reason the order must be, and it is, *Reversed.*

DEEMER, J., especially concurring.    I prefer to place my concurrence wholly upon the ground that the statute is a perfectly valid exercise of legislative power.    The attorney, having been directed by the court to perform the service, was in duty bound as an officer of court to do so, and I do not think he waived anything by obeying the order of court.

## SUPPLEMENTAL OPINION.

### TUESDAY, SEPTEMBER 24, 1912.

EVANS, J.—A reversing opinion was filed on the original submission.    It was there held that the plea of unconstitutionality of the statute under consideration was not available to appellee, but this holding was not concurred in by all members of the court.

We are united in the view that the statute in question does not contravene any provisions of the Constitution, and that the case must in any event be reversed, under the express terms of the statute as amended.    Code Supp. section 325.    In view of our unanimity on this question, and our difference of opinion on the ground of reversal stated in the original opinion, we prefer to put the reversal upon the ground herein stated, and the former opinion is accordingly modified.

With this modification, the petition for rehearing is *overruled.*