WILLIAM S. HELLER, Appellee, v. MONTGOMERY COUNTY et al.,
Appellants.

COUNTIES:    Acts of Officers—County Attorney Ordering Tran-
script.  A county is liable for the reasonable value of services
rendered by a shorthand reporter, at the request of the county
attorney and on the order of the court, in preparing a neces-
sary transcript of shorthand notes formerly taken by the re-
porter as clerk of the grand jury.

*Appeal from Montgomery District Court.*—O. D. WHEELER,
Judge.

APRIL 6, 1920.

ACTION to recover from defendant county $280.50, for
services rendered defendant in transcribing and extending
into typewriting all the testimony of witnesses testifying
before the grand jury of said county, whose testimony plain-
tiff had taken in shorthand, while acting as clerk of the
grand jury of said county.  No compensation was asked by
plaintiff in this action for acting as clerk of the grand
jury in taking the shorthand notes, or for transcribing an
abstract, or minutes of the evidence used before the grand
jury and signed by the witnesses.  The compensation asked
is for the full transcript of his shorthand notes for use on
the trial in court, which was furnished by him at the re-
quest of the county attorney, and upon order of the court.
He shows the value of his services for making such trans-
cript.  There was a trial to a jury.  No evidence was in-
troduced on behalf of the defendant, and there is no con-
flict in the evidence.  At the close of plaintiff's evidence,
defendant moved for a directed verdict in its favor, which
was overruled.  Thereupon, plaintiff moved for a directed
verdict in his favor, which was sustained.  Judgment on
the verdict for plaintiff, and the defendants appeal.—*Af-
firmed.*

*Paul W. Richards*, for appellants.

*T. J. Hysham*, for appellee.

PRESTON, J.—Though the defendants other than the county were made defendants, we do not understand that any personal judgment is asked or was rendered against them individually. It appears that plaintiff is a shorthand reporter, and was duly appointed clerk of the grand jury for the February, 1917, term, and acted as such during a part of said term. The evidence taken by the plaintiff before the grand jury in shorthand was only that pertaining to the investigation of the so-called "Villisca ax murders." Several suggestions are made why it was advisable that, under the circumstances, all the evidence in regard to the ax murders should be taken in shorthand and preserved. After the evidence had been so taken in shorthand, the county attorney applied to the court for an order authorizing the making of a transcript of all the evidence. This was after plaintiff had ceased to be the clerk of the grand jury. Pursuant to the application of the county attorney, and on April 5, 1917, the court ordered that all the evidence taken before the grand jury in the investigation of said case be transcribed into typewriting, and certified by the clerk of the grand jury, who took down the testimony in shorthand, and that said translation of said shorthand notes be made at the expense of Montgomery County, together with two copies thereof, same to be kept locked up by the clerk of the court, and only released upon order of the court. The county attorney asked the plaintiff to make the transcript, pursuant to said order. A transcript was made and delivered to the county attorney, turned over to the clerk, and afterwards used in the trial of the case of State v. Kelley, who was charged in the indictment with the so-called murders. The defendant objected to the introduction in evidence of the order of court on the ground that the court

had no authority to make such an order, and that the statute fixes the rate of compensation for a transcript, and for the compensation of the clerk of the grand jury. Appellant cites *Hyatt v. Hamilton County*, 121 Iowa 292, and *Mousseau v. City of Sioux City*, 113 Iowa 246, to the point that plaintiff, having accepted the official position of clerk of the grand jury, can make no recovery for his services as such, unless compensation is directed by the statute. In the *Hyatt* case, it was held that an attorney appointed by the court to act for the public in the prosecution of disbarment proceedings is entitled to reasonable compensation, to be paid by the county. It was said that an attorney is, in some sense, an officer of the court, but that he is not a public officer. He could be required, as an officer of the court, to perform the service, but not without compensation, even in the absence of a statute. The statute now provides that, in such cases, no allowance shall be made for attorneys' fees. *Brown v. Warren County*, 156 Iowa 20. In the *Mousseau* case, a recovery was sought by persons who were public officers.

Montgomery County has a population of less than 50,000. Section 5258, Code Supplement, 1913, provides that the clerk of the grand jury shall take and preserve minutes of the proceedings, and of the evidence given before it. Chapter 313 of the Acts of the Thirty-fifth General Assembly (Section 5256, Code Supplement, 1913,) provides that the clerk of the grand jury shall receive compensation at the rate of $2.00 per day for time actually and necessarily employed in the performance of his duties, and that, in counties having a population of more than 50,000, the court may, if it deems it necessary, appoint as clerk a competent shorthand reporter, and such clerk shall receive such compensation as may be fixed by the court; but, in counties of less than 75,000 inhabitants, such compensation shall not exceed $4.00 per day. The trouble with appel-

lants' contention is, we think, that plaintiff is not claiming anything for his services as clerk of the grand jury. So far as we know, he has been paid for that, and we assume he has been paid at the rate provided by the statute, to wit, $2.00 per day. The fact that plaintiff was a shorthand reporter would not prevent his being appointed as clerk of the grand jury for that compensation. This would pay for all his services as clerk of the grand jury, for taking down the shorthand notes, and for making minutes therefrom for the witnesses to sign. His claim in this case is for services rendered thereafter, in making a transcript, and not as clerk of the grand jury. After he had ceased to be the clerk of the grand jury, he was not a public officer. In making the transcript of the shorthand notes, he was not then in the performance of the service of a public officer.

Appellee calls attention to Section 301, Supplemental Supplement to the Code, 1915, which provides for the duties of the county attorney. No cases are cited. Section 308, Supplemental Supplement, provides for the payment by the county of necessary and actual expenses of the county attorney in attending upon his official duties at a place other than his residence. It is doubtless true that the county attorney is not entitled to reimbursement for personal expenses, unless provided by law. 32 Cyc. 701. But the compensation sought to be recovered by plaintiff in this action is not for the personal expenses of the county attorney. It was for the benefit of the state and the county. We think the county attorney has some discretion in incurring costs on the part of the county. In this case, he did not proceed upon his own responsibility, but took the precaution to ask the court to make an order. There can be no question of his good faith. Nor can there be any question that it was necessary, under the circumstances, to have a transcript of this evidence, in order that the county attorney could perform the duties required of him. An un-

usual situation was presented. Neither the county attorney nor the court could arbitrarily or unnecessarily put the county to expense. But we think that, in a proper case, such as this, the county attorney had the authority, had authority under order of the court, to order the transcript of the evidence. Each case must rest upon its own peculiar facts. It is conceded by plaintiff that the extent to which a county attorney can order costs made at the expense of the county, as well as the inherent powers of a court, cannot be clearly defined. It is a matter of state history that the so-called ax murder, wherein eight people were murdered, was one of the greatest crimes in the history of the state. There was no direct evidence of the guilt of any person. Suspicion was directed against different ones. It was necessary that every clue should be run down. It may be that hundreds of witnesses were brought before the grand jury to this end. It was proper and necessary that all the evidence should be preserved, so that some chance evidence might dovetail with other testimony, and thus solve the problem. Doubtless, many witnesses were present, awaiting their turn to be called before the grand jury. For an ordinary clerk of the grand jury to have taken down the testimony in longhand would have resulted in the loss of valuable evidence, and consumed unnecessary time. The transcript was necessary, and could properly be used to refresh the memory of witnesses and counsel, for impeachment purposes, and could be used, possibly, in further investigations. The shorthand notes which had been taken would have been useless, unless transcribed. Unless, under such circumstances, the county attorney has such authority, the interests af the state and the administration of justice would be hampered. We are of opinion that the trial court rightly held that the plaintiff was entitled to recover. The judgment is, therefore,—*Affirmed.*

WEAVER, C. J., EVANS and SALINGER, JJ., concur.