RALPH FERGUSON, Appellant, v. POTTAWATTAMIE COUNTY et al., Appellees.

No. 44310.

MARCH 8, 1938.

Finerty, Robertson & Cherniss and J. Leo Connolly, for appellant.

Robert B. Organ, for appellees.

KINTZINGER, J.—The record in this case shows that petitions against John Schlacton, aged 16, Carl Colwell, aged 13, and Donald Emarine, aged 14, were filed against each of said defendants in the juvenile court at Council Bluffs, Iowa, charging them with delinquency, on May 6th and May 13, 1937, respectively, based upon charges of grand larceny and breaking and entering. The record shows that when each of said cases came on for hearing the municipal court of Council Bluffs entered an order finding that the defendants had no property or money with which to employ an attorney to represent them, and on account of the nature of the charges against them, it was necessary

in the furtherance of justice that some attorney be appointed by the court to appear for and represent the defendants. The court, under authority of section 3631 of the Code of 1935, then appointed Ralph Ferguson, J. Leo Connolly and Harry L. Cherniss, attorneys, respectively, to appear for and represent said defendants in their cases.

The record also shows that each of said attorneys accepted the appointment, and the trial of each case proceeded in open court, each defendant being represented by his said attorney. At the conclusion of said hearings, the defendant in each of said cases was committed to the State Training School at Eldora. The court also ordered that said attorneys be allowed the sum of $10 each as attorneys' fees for services rendered by them under the appointments made by said court. The claims of the two latter attorneys were assigned to the plaintiff herein, who brings this action to recover on the three claims.

The defendants filed a demurrer to plaintiff's petition in this action on the grounds that (1) section 3631 of the Code is not applicable to the facts alleged in plaintiff's petition, because no provision for the payment of attorney's fee is made therein; and (2) that the provision for compensation of attorneys for services rendered under section 13774 of the Code of 1935 applies only to defendants *indicted* for homicide or any other *felony*. The court sustained the demurrer, and plaintiff appeals.

The delinquents in these proceedings were not *indicted* for homicide or any other felony; in fact, no indictment whatever had been returned against them. Therefore, the provisions of section 13774 relating to attorneys' fees for services rendered under an *indictment* charging a felony does not apply.

The record shows, however, that plaintiff and his assignors were appointed to appear and defend the children under the delinquency proceedings filed against them. The record also shows, and it is admitted by the demurrer, that the charges filed against these boys were of such a serious character that the court appointed plaintiff and the two other attorneys mentioned to represent each of said defendants, respectively, in the delinquency proceedings. The appointment of these attorneys was made by the court under the authority of section 3631 of the Code, which provides as follows:

"The court may, at any time after the filing of the petition,

appear an attorney or other suitable person to represent and appear for said child."

**■■■** The court, therefore, had full statutory power and authority to appoint attorneys to represent and appear for said delinquents at the hearing on the proceedings brought against them. It is true that section 3631 makes no provision as to the amount of the compensation to be allowed for the services performed. In this case the court appointing the attorneys for the delinquents was acting in obedience to express statutory authority, and, as such, an obligation arose on the part of the county to pay for the services rendered. These services were not rendered voluntarily but in obedience to statute. Under such circumstances an obligation arises on the part of the county to pay a reasonable compensation therefor. Hall v. Washington County, 2 G. Greene 473; White v. Polk County, 17 Iowa 413; Hyatt v. Hamilton County, 121 Iowa 292, 96 N. W. 855, 63 L. R. A. 614, 100 Am. St. Rep. 354; Korf v. Jasper County, 132 Iowa 682, 108 N. W. 1031; Brown v. Warren County, 156 Iowa 20, 135 N. W. 4, 137 N. W. 474, 42 L. R. A. (N. S.) 529, Ann. Cas. 1915B, 185; State v. Froah, 220 Iowa 840, 263 N. W. 525.

In Hall v. Washington County, 2 G. Greene 473, an attorney was appointed by the court to defend a pauper prisoner without any statutory authority for his compensation. In that case the court held that the county was liable for the reasonable compensation for the services of the attorney performing the same under order of court. This court there said, 2 G. Greene 473, l. c. 476:

"Where an act of service is performed in obedience to direct mandate of statutory law, under the direction of a tribunal, to which the enforcement of that law is committed, reasonable compensation to the person who performs that service is a necessary incident; otherwise the arm of the law will be too short to accomplish its designs. If attorneys, as officers of the court, have obligations under which they must act professionally, they also have rights to which they are entitled, and which they may justly claim in common with other men in the business of life. Among these rights, that of reasonable compensation for services rendered in their profession, is justly to be considered. The exercise of judicial power, in order to effectuate the common and statute law, frequently becomes necessary, and must exist inci-

dentally. By virtue of such power, auditors, commissioners, masters in chancery, &c., are appointed and act; and proper compensation is awarded to them. All the officers of the court are recognized, as being on just consideration, entitled to fees for official services performed. All that has been done by the law, is merely to limit them in amount. Why should the attorney at law be made an exception to this general principle? We see no good reason for it. His time, labor and professional skill are his own. He should not be required to bestow them gratuitously at the will of the court, any more than should any other officer. But it is enough, here, to say that, whilst the statute requires the court to appoint counsel in a case like this, it is silent on the subject of pay for his services. It leaves that matter to be disposed of upon the principles of the practice of the common law. There certainly is no legal exception as to an attorney, so as to distinguish his case from any other functionary. * * * In this case, the right of an action in the plaintiff does not arise from an express contract; but it is necessarily given by the statute. The statute authorizes the appointment of counsel, in defense of a pauper when accused of crime, in view of the right of that counsel to compensation for the service rendered, in obedience to that law, as an incident necessarily attaches a liability for the services to the county which is properly chargeable with the maintenance of the proceeding."

In Hyatt v. Hamilton County, 121 Iowa 292, 96 N. W. 855, 856, 63 L. R. A. 614, 100 Am. St. Rep. 354, this court said:

"The theory of the appellant seems to be that the attorney thus appointed is an officer of the court, and, like other public officers, is entitled only to such compensation as is provided for by statute, * * * unless such liability is expressly declared by statute. But with these contentions we cannot agree. It is true that the attorney is in some sense an officer of the court. But he is certainly not a public officer. As incident to the privilege of practicing in the courts, he may be required to discharge certain duties imposed upon him by statute. Thus he may be required to defend a criminal. But we know of no obligation imposed upon him by statute to give his services to the public without compensation."

In the case at bar the court had full statutory authority to

make the appointments. The services under the appointments were performed by the attorneys so appointed, and they are therefor entitled to reasonable compensation therefor.

We think this case comes squarely within the principles of law announced in Hall v. Washington County, 2 G. Greene 473. The rule there announced has been the law of this state for over three-quarters of a century and has never been changed. The law as so announced has been followed and supported ever since in the following cases: White v. Polk County, 17 Iowa 413; Hyatt v. Hamilton County, 121 Iowa 292, 96 N. W. 855, 63 L. R. A. 614, 100 Am. St. Rep. 354; Korf v. Jasper County, 132 Iowa 682, 684, 108 N. W. 1031; Brown v. Warren County, 156 Iowa 20, 135 N. W. 4, 137 N. W. 474, 42 L. R. A. (N. S.) 529, Ann. Cas. 1915B, 185; State v. Froah, 220 Iowa 840, 263 N W. 525. We see no reason why these cases should be overruled at the present time.

For the reasons hereinabove expressed, this case should have been submitted to the jury.

We are therefore constrained to hold that the lower court erred in sustaining defendants' demurrer to plaintiff's petition. The judgment of the lower court is therefore hereby reversed.— Reversed.

STIGER, C. J., and ANDERSON, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.