VICTOR JAMES PUNELLI, appellee, v. DELORES VIRGINIA PUNELLI, appellant.

No. 52435.

(Reported in 149 N.W.2d 784)

APRIL 4, 1967.

Gerald Levy, of Des Moines, for appellant.

Ted Sloane, of Des Moines, for appellee.

MASON, J.—October 15, 1963, Victor James Punelli, 39, filed an action for divorce against Delores Virginia Punelli, 35, alleging cruel and inhuman treatment and seeking custody of their

8-year-old child. After trial the court granted plaintiff a divorce, custody of the child and decreed that plaintiff be responsible for the care and keep of Virginia in accordance with his financial ability. The court reserved jurisdiction for further hearing upon the matter of support and maintenance for Virginia upon her release from a mental health institute upon application of either party and granted her reasonable visitation rights. From this decree, defendant appeals.

Defendant assigns four propositions for reversal: (1) The trial court erred in appointing a non-attorney guardian ad litem for defendant; (2) lack of jurisdiction of defendant because of improper service of original notice; (3) the court's finding as to defendant's mental capacity was not supported by the evidence and (4) error in granting a divorce on testimony uncorroborated except by hearsay.

I. The parties were married in Des Moines May 14, 1950, and separated in April 1963. At the time this suit was filed defendant was in the state hospital at Clarinda. An original notice was served on her October 23, 1963, when she was home on furlough. The daughter, born September 8, 1955, became mentally ill in March 1961 and is also presently in Clarinda.

November 12, 1963, defendant's present attorney appeared for her and after plaintiff's motion for default, filed a resistance, alleging defendant was incompetent, recently discharged from a mental hospital and unable to appear for herself. He also asked a temporary injunction restraining plaintiff from coming on the premises where she resided and for appointment of a guardian ad litem as provided in rule 14, Rules of Civil Procedure. This resistance was supported by affidavit and two letters, one dated January 8, 1964, from a staff member of the mental health institute, another dated January 10 from a staff member of the state psychopathic hospital, Iowa City. Both indicated substantial evidence Virginia was incapable of conducting her own defense. Rule 13, R. C. P.

September 8, 1964, the trial court entered an order appointing defendant's brother, a non-attorney, as guardian ad litem.

September 15, 1965, plaintiff filed a recast amendment to his petition, alleging the cruel and inhuman treatment complained of occurred prior to April 1957 and in 1965 prior to July 1; defendant had willfully deserted him and absented herself without reasonable cause for more than two years prior to July 1, 1965. This amendment was served on the guardian ad litem and trial commenced February 10, 1966.

II. Defendant first contends rule 14 requires that the guardian ad litem mentioned must be an attorney. Rule 14 provides:

"If a party, served with original notice, appears to be subject to rule 13, the court may appoint a guardian ad litem for him, or substitute another, in the ward's interest. Application for such appointment or substitution may be by the ward, if competent, or a minor over fourteen years old; otherwise by his regular guardian or if there be none by any friend, or any party to the action."

Although it is probably the general practice of courts to appoint an attorney guardian ad litem, we find no mandatory requirement for such procedure. Here the trial court appointed defendant's brother who was probably more familiar with her condition and difficulties than could be expected of a member of the bar. He hired her present attorney, was present and testified at the trial and acted without objection. If there was some valid basis for the complaint now made, defendant's counsel should have asserted it at the time of appointment. This contention is without merit.

III. Defendant next complains no original notice was served on her of the filing of plaintiff's amended petition. Rule 48 is cited as authority. This rule defines "Commencement of actions." As stated, November 12, 1963, defendant appeared by her present attorney. It was not a special appearance. Rule 65, R. C. P. A general appearance gives jurisdiction of the person. Rule 87, R. C. P.

Later her attorney resisted a motion for default and had a guardian ad litem appointed. It was approximately two years later that the amended petition was filed.

"Where the moving party to a motion to strike an amendment to a pleading rejects an offer of a continuance he waives the claimed error and we will not review this proposition on appeal [citation]. In 71 C. J. S., Pleading, section 583, page 1162, it is stated: 'The failure of the adverse party to move for or accept a continuance constitutes a waiver of, or precludes him from subsequently asserting, an objection on the ground of surprise to the allowance of an amendment.'" (Citing cases) Benson v. Chase Grain Storage Co., 246 Iowa 591, 595, 67 N.W.2d 433, 435.

Here no complaint was made and the case went to trial approximately five months later. This contention is likewise without merit.

No objection was made to service of the original notice October 23, 1963.

IV. The general rules of law applicable here are well established. Our review is de novo. Rule 334, R. C. P. To entitle a party to a divorce under Code section 598.8(5) it is necessary two elements be proven: (1) inhuman treatment and (2) danger to life therefrom. Burlingame v. Burlingame, 260 Iowa 18, 20, 148 N.W.2d 493, 494, and citations.

We have frequently held life may be endangered by impairment of health. Also that danger to life is sufficient where it is reasonably apprehended. Any mistreatment which deprives a spouse of needed rest, peace of mind, and affects the nervous system so health is undermined, may endanger life as effectively as physical violence. Burlingame v. Burlingame, supra.

Our problem is not with the sufficiency of the evidence to sustain the trial court's decree but with the responsibility for the acts, many involving physical violence. Coupled with this there were at least three separate attempts by defendant to take her own life, on one occasion with her child.

In Renze v. Renze, 247 Iowa 25, 30, 72 N.W.2d 490, 493, we said: "* * * There must be something 'cruel and inhuman', something needless and beyond the ordinary arguments and quarrels of married life, something which the ordinary experience of men or some substantial evidence tells us will endanger life, before a divorce may be granted under the statute."

Such threats and attempts coupled with the other acts described fall within the class of things the ordinary experience of men tells us will endanger life. Payton v. Payton, 252 Iowa 772, 778, 779, 108 N.W.2d 358, 361, 362, 86 A. L. R.2d 416. :

Nothing would be gained by further detailing the evidence that led to the commencement of this action. It is sufficient to say plaintiff's testimony reveals substantial evidence of acts of cruelty. That these acts affected his health to the point that his life is in danger as we have interpreted section 598.8(5), Code, 1966, we have no doubt.

■ ■ V. A divorce cannot be granted for inhuman treatment endangering life, if it appears the treatment was the result of mental illness. Payton v. Payton, supra, 252 Iowa, at 776, 108 N.W.2d, at 360. We are committed to the rule a charge of inhuman treatment may not be supported by proof of acts attributable to insanity. Inhuman treatment must be willful, and is not shown where the treatment is merely the result of nervous disorders or mental illness for which the guilty party is not responsible. Bouska v. Bouska, 249 Iowa 281, 286, 86 N.W.2d 884, 887 and citations.

■ Insanity is not a ground for divorce. Bosveld v. Bosveld, 232 Iowa 1199, 1205, 7 N.W.2d 782, 785, and citations.

From plaintiff's evidence we learn defendant was first institutionalized in April 1957 at St. Bernard's. She was released and the parties lived together about eight months when she was readmitted. In 1963 after her release the second time, she went to Iowa Methodist Hospital. During 1963 and 1965 Virginia was institutionalized part of the time. She was also in and out of Clarinda many times. The trial court found that at the time of trial she was confined to the mental health institute in Clarinda and this confinement occurred about May 3, 1963.

■ The court further found plaintiff had established cruel and inhuman treatment which was corroborated in each of the following instances and periods of time: Prior to April 3, 1957, between 1957 and 1960; between 1960 and 1961; and between May 1961 and May 3, 1963.

No evidence was introduced by defendant to show she was incapable of understanding the nature and quality of the alleged wrongful acts during the periods set out. No evidence was offered for defendant except a letter marked "Exhibit A" which was offered over objection which the trial court found should be sustained.

In fairness to the trial court, under this record we cannot criticize him for entering this decree. However, under our equitable power and out of concern for this wife's rights, we reverse and remand this cause with directions to the trial court to instruct the guardian ad litem, as an officer of the court, to present at a hearing to be fixed by the court such evidence as may be available bearing on the mental capacity and responsibility of defendant for the acts complained of. If at such hearing it is shown defendant was not responsible for the acts on which plaintiff's action is based, a decree should be entered denying a divorce. On the other hand, if it appears she was mentally capable and responsible at the time of such acts, a decree should be entered granting plaintiff the divorce.

In the event it is so determined that a divorce should be granted, the provisions of the present decree for child custody, defendant's maintenance and support and her visitation rights are approved.

VI. Defendant's fourth proposition is without merit. No objection was made to the testimony of plaintiff's corroborating witness as being hearsay. In fact, much of the corroboration was brought out on cross-examination.

Hearsay evidence which would be objectionable if properly objected to will support an issue when admitted without objection. Lamp v. Lamp, 245 Iowa 52, 59, 60 N.W.2d 844, 849; Walker v. City of Clinton, 244 Iowa 1099, 1111, 59 N.W.2d 785, 791.

With instructions to proceed in accordance with this opinion, the cause is—Reversed and remanded.

All JUSTICES concur except THORNTON, J., not sitting.