Mary P. LALLA, As Administrator of the Estate of Vincent R. Lalla, Deceased, Appellee,

v.

Michael Otto GILROY, Appellee,

Johnson County, Intervenor-Appellant.

No. 84–1021.

Supreme Court of Iowa.

June 19, 1985.

Rehearing Denied July 26, 1985.

J. Patrick White, Co. Atty., and Linda A. McGuire, Asst. Co. Atty., for intervenor-appellant.

C. Joseph Holland of Hayek, Hayek, Hayek & Holland, Iowa City, for appellee Gilroy.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

Intervenor Johnson County appeals with our permission from an interlocutory order imposing responsibility for payment of guardian ad litem fees on the Johnson County court fund. Defendant Michael Otto Gilroy cross-appeals from that part of the order which refused to define the scope of the guardian ad litem's duties. We affirm the district court's order in part and reverse in part.

In 1980, defendant was convicted of the first-degree murder of Vincent Lalla in Iowa City. His conviction was affirmed by this court in *State v. Gilroy*, 313 N.W.2d 513 (Iowa 1981). On November 19, 1981, plaintiff Mary P. Lalla, as administrator of Vincent Lalla's estate, instituted a wrongful death action in the Iowa district court for Johnson County against defendant, then and now an inmate of the Iowa State Penitentiary at Fort Madison. Original notice was served on defendant, who did not file an answer to the petition.

In view of defendant's incarceration, plaintiff applied to the district court for the appointment of a guardian ad litem for defendant. *See* Iowa R.Civ.P. 13, 14.[1] The court granted the application and in its order appointed C. Joseph Holland, an Iowa City attorney, as defendant's guardian ad litem.

---

[1]. Iowa Rules of Civil Procedure 13 and 14 read as follows:

    13. Defense by incompetent, prisoner, etc. No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian or the attorney appearing for a competent party may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interest.

    14. Guardian ad litem. If a party, served with original notice, appears to be subject to R.C.P. 13, the court may appoint a guardian ad litem for him, or substitute another, in the ward's interest. Application for such appointment or substitution may be by the ward, if competent, or a minor over fourteen years old; otherwise by his regular guardian or if there be none by any friend, or any party to the action.

Thereafter, Holland filed his answer of guardian ad litem which, pursuant to Iowa R.Civ.P. 71, denied all material allegations prejudicial to defendant and asserted a statute of limitations defense.

Holland then filed an application stating that he was unable to ascertain, from either the Iowa Rules of Civil Procedure or from the cases decided thereunder, the extent of his responsibilities as guardian ad litem beyond the filing of an answer pursuant to rule 71. Holland requested an order: (1) defining his further duties and responsibilities with respect to the defense of the wrongful death action, and (2) requesting the court to specify the amount and source of his compensation for acting as guardian ad litem.

Both plaintiff and Holland filed prehearing memoranda asserting that Johnson County should pay the guardian ad litem's fee. Johnson County filed a petition of intervention, pursuant to Iowa R.Civ.P. 75, claiming adversely to both plaintiff and defendant and resisting county responsibility for such payment. In a motion for separate adjudication of law points, Iowa R.Civ.P. 105, intervenor requested a ruling that the court was without authority to require payment of the fee by Johnson County.

After hearing, the court ordered that the guardian ad litem's fee would be paid from the Johnson County court fund. The court specifically declined to rule as to the extent of Holland's duties as guardian ad litem.

Intervenor Johnson County applied for interlocutory appeal on the issue of Johnson County's liability for the guardian ad litem's fee. Defendant resisted that application and also filed an application for cross-appeal, requesting that if the interlocutory review were granted, this court also review the district court's refusal to define the duties of the guardian ad litem. Interlocutory review was granted on both issues.

I. *Source of the guardian ad litem's compensation.* We agree with intervenor Johnson County that the district court erred in imposing financial responsibility on the county for the defendant's guardian ad litem fee. We believe that the cases relied upon by the court in its ruling are factually distinguishable from the situation presented here.

In holding the county responsible for the fee, the district court cited *McNabb v. Osmundson*, 315 N.W.2d 9 (Iowa 1982); *Ferguson v. Pottawattamie County*, 224 Iowa 516, 278 N.W. 223 (1938); *Hyatt v. Hamilton County*, 121 Iowa 292, 96 N.W. 855 (1903), and *Hall v. Washington County*, 2 Greene 473 (Iowa 1850), as supporting the proposition that public liability for the fee of the guardian ad litem in this case is to be implied from the statute (Iowa R.Civ.P. 13, 14) requiring the appointment of the guardian ad litem.

This reasoning overlooks the fact that in each of the above cases, the litigation involved the appointment of an *attorney* for a party. Also, in each case the appointed attorney's services were required in a case that had been instituted by the public for the benefit of the public. Thus, in *Hall* the court noted that liability for the fee of an attorney appointed pursuant to a statute to represent an indigent criminal defendant lay upon "the county which is properly chargeable with the maintenance of the proceeding." *Hall*, 2 Greene at 477. Johnson County, of course, cannot be charged with maintenance of this action, which is a wholly private wrongful death civil suit.

In *Hyatt*, an attorney, appointed to prosecute in proceedings to disbar certain attorneys, sought and received compensation from the county. In upholding the district court's ruling, this court again noted that the appointed attorney was acting "in the interest of the public," *Hyatt*, 121 Iowa at 295, 96 N.W. at 857, and said, "... we know of no obligation imposed upon him ... to give his services *to the public* without compensation." *Id.* at 121 Iowa 293, 96 N.W. 856. (Emphasis added.)

*Ferguson* and *McNabb*, dealing respectively with juvenile and contempt proceedings, are similarly distinguishable from the present case. In *Ferguson* and *McNabb* (as in *Hyatt* and *Hall*) the cases were brought by the public in the public interest.

In *McNabb,* a contempt case, the liberty interest of the defendant also was at stake. This court approved the use of public funds for compensation of the appointed attorneys in both cases.[2]

In contrast to the cases discussed above, the present action was not instituted by any public officer in the furtherance of a public duty. This case is a private wrongful death action, neither prosecuted nor defended by any public officer or entity. If the county court fund were liable for payment of the guardian ad litem fee here, the same would be true for guardians ad litem appointed for minors and the other classes of persons named in Iowa R.Civ.P. 13. Under these facts, we agree with intervenor that the district court lacked the authority to impose financial responsibility on Johnson County for payment of the guardian ad litem.[3]

The district court erred in ordering payment of the guardian ad litem's fee from the Johnson County court fund.

II. *Duties and responsibilities of the guardian ad litem.* As noted above, the district court declined to rule upon the extent of the duties and responsibilities of the guardian ad litem in this case. The court said Holland must do what he feels is proper and necessary to represent the defendant in this case. We believe the court was basically correct in declining to further rule on this matter, because we discern no justiciable controversy with respect to it.

No party to this action took any position in the district court regarding the extent of the guardian ad litem's duties. The issue is wholly abstract and as such unsuitable for further judicial resolution at this time. A live dispute must ordinarily exist before a court will engage in an interpretation of the law. *See Luse v. Wray,* 254 N.W.2d 324, 329 (Iowa 1977). While the circumstances of a particular case may justify departing from this rule, *see Rush v. Ray,* 332 N.W.2d 325, 326 (Iowa 1983), we do not find the question posed by defendant in this case qualifies for judicial resolution at this time. The district court correctly refused to address the nature and extent of the guardian ad litem's duties in the absence of a justiciable controversy over those duties.[4]

We have considered all contentions advanced by the parties on appeal and cross-appeal. The order of the district court is affirmed in part, reversed in part, and the case remanded. Costs on appeal are taxed one-half to intervenor Johnson County and one-half to defendant Gilroy.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**2.** The trial court need not have appointed an attorney as guardian ad litem for defendant. *Punelli v. Punelli,* 260 Iowa 549, 552, 149 N.W.2d 784, 786 (1967). We have found no authority in the context of this case that would have authorized the court to appoint an attorney to assist a guardian ad litem who is not an attorney.

**3.** Private, rather than public, payment of guardian ad litem fees in private civil litigation appears to be the rule in other jurisdictions as well. *See generally* 20 Am.Jur.2d *Costs* § 67 (1965); 20 C.J.S. *Costs* § 367 (1940); Annot., 30 A.L.R.2d 1148 (1953). This court has in the past approved taxation of such a fee as court costs. Iowa Code section 625.14 reads:

The clerk shall tax in favor of the party recovering costs the allowance of his witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking dep-

ositions by commission or otherwise, *and any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow.*

(Emphasis added.) *See Steffen v. Berend,* 180 Iowa 127, 137–38, 161 N.W. 994, 998 (1917); *Burkhardt v. Burkhardt,* 107 Iowa 369, 376, 77 N.W. 1069, 1072 (1899). Costs are ordinarily recovered by the successful party against the losing party. Iowa Code § 625.1. However, costs accrued at the instance of the successful party which cannot be recovered against the losing party may be recovered by the person entitled to them against the successful party. Iowa Code § 625.5.

**4.** We do observe the guardian ad litem must satisfy his duties pursuant to Iowa R.Civ.P. 13, 14, and 71 and prevent the entry of a default against defendant.