# IN THE COURT OF APPEALS OF IOWA

No. 24-1862
Filed September 4, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT HAROLD FLEMING IV,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wayne County,
Elisabeth Reynoldson, Judge.


        A criminal defendant appeals from his sentence for theft in the first degree
following his guilty plea.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and
Sandy, JJ.

**SANDY, Judge.**

Robert Harold Fleming IV appeals from his sentence for theft in the first degree following his guilty plea, arguing the district court abused its discretion by imposing a term of incarceration and erred in failing to immediately dismiss two other counts as requested by the State. Because those two other counts have been dismissed and the district court did not abuse its discretion in ordering a term of incarceration, we affirm.

### I.       Background Facts and Procedural Posture

In November 2020, the State of Iowa charged Fleming in Wayne County with three offenses: theft in the first degree (count I), third-offense possession of methamphetamine (count II), and operating a motor vehicle without the owner's consent (count III). In December 2021, Fleming entered a written guilty plea to count I, admitting he took control of another person's vehicle knowing or having reason to know it was stolen. In exchange, the State agreed to dismiss the remaining counts, conditioned on Fleming's compliance with court orders leading up to sentencing.

The plea agreement proposed a ten-year suspended sentence and two years of probation. Fleming waived several rights in the process, including the right to be present at sentencing, to delay sentencing, and to challenge the plea. However, he failed to appear at the originally scheduled sentencing on February 15, 2022, and again on September 27, 2022. Bench warrants were issued following both failures to appear.

Fleming was ultimately sentenced on November 5, 2024. At the hearing, the court acknowledged the State's reaffirmation of its intent to dismiss counts II

and III. Fleming's sister, with whom he had lived while absconding, testified in his defense. She described his supportive role in her recovery from addiction, his assistance with household responsibilities and childcare, and his desire to pursue treatment himself. She also noted he was helping raise his own infant son during this time.

The district court, citing Fleming's extensive criminal history—including juvenile offenses, prior probation violations, and his two-year evasion of the court—found him unsuitable for probation. The court imposed an indeterminate prison term not to exceed ten years on the theft conviction. In its November 20 written order, the court directed that counts II and III would be dismissed "upon expiration of [Fleming]'s appeal time," rather than immediately.

Fleming now appeals, challenging both the district court's exercise of discretion in denying probation and the legality of postponing the dismissal of the remaining charges.

## II. Standard of Review

"Appellate review of the district court's sentencing decision is for an abuse of discretion. An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (internal citation omitted).

## III. Analysis

### A. Sentencing Discretion

The district court found Fleming was "not an appropriate candidate for probation given [his] inability to follow the rules and regulations and laws as shown by [his] prior conduct." Fleming contends the district court erred by "failing to give

proper weight to Fleming's need for substance abuse treatment and the fact he has a very young child."

The district court's sentence of up to ten years in prison was within the statutory range for Fleming's class "C" offense. *See* Iowa Code § 902.9(1)(d) (2020). So it is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted). Addressing Fleming at the sentencing hearing, the court explained that its decision to sentence him to a term of imprisonment was based on the seriousness of Fleming's offense, the positions advanced by counsel, Fleming's sister's testimony, and considering Fleming's own statements. In addition, the court evaluated Fleming's prospects for rehabilitation, his criminal record, and the length of time he remained at large in this matter.

Fleming does not deny the propriety of these considerations, and rightly so. *See* Iowa Code § 901.5 (requiring the court to fashion a sentence providing "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community"). He simply contends the district court assigned them too much weight. But we do not second-guess such decisions. *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). The "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). And the court was not "required to specifically acknowledge each claim of mitigation urged" by Fleming. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). As a result, we find no abuse of discretion in the court's sentencing decision.

**B. Timing of the Dismissal of Counts II and III**

Fleming argues the district court imposed an illegal sentence by stating: "[u]pon expiration of [Fleming]'s appeal time, Count II and Count III of the Trial Information are dismissed in the interest of justice." But because the expiration of Fleming's appeal time has occurred, the counts are in fact dismissed by self-execution. One familiar principle of judicial restraint is that courts do not decide cases when the underlying controversy is moot. *See, e.g., Lalla v. Gilroy,* 369 N.W.2d 431, 434 (Iowa 1985) ("A live dispute must ordinarily exist before a court will engage in an interpretation of the law." (citation omitted)). Because counts II and III are dismissed, the issue is moot. And we decline to exercise any form of our extraordinary jurisdiction to reach that moot issue.

**AFFIRMED.**